IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | No. 1:25-mj-610 |
| v. | ) | |
| | ) | Hon. William B. Porter |
| CHRISTOPHER THIEN, | ) | |
| | ) | |
| Defendant. | ) | Status Conference: March 16, 2026 |

## GOVERNMENT MOTION OPPOSING MOTION FOR BIFURCATED JURY TRIALS

The United States of America, by and through counsel, respectfully moves this Court to deny the Defense's Motion for Bifurcated Jury Trials. The alleged offense took place within the jurisdictional boundaries of Fort Belvoir, Virginia. Fort Belvoir, Virginia is located within the special maritime and territorial jurisdiction of the United States. The federal law of evidence, therefore, governs this proceeding. The relevant federal statute, 18 U.S.C. § 3118(b), provides that a defendant's refusal to take a breathalyzer test may be used as substantive evidence that a defendant was driving while impaired.

**I.     Background**

On August 15, 2025, Sergeants Shone and Lewis were dispatched to Gate 2 of the National Geospatial Agency located at Fort Belvoir North for a possible intoxicated driver. Officer Renner arrived to provide back up. The defendant was arrested based on the observations of the three responding officers and his performance on the standard field sobriety tests. He was transported to the Fort Belvoir Police Station.

The defendant was advised of both federal and state implied consent statutes upon arrival. He

was administered a breathalyzer test which resulted in an insufficient sample. Ultimately, the defendant was charged with Title 18, United States Code Section 13, assimilating Virginia Code Section 18.2-266(ii) (DUI), 32 Code of Federal Regulations 634.25(f) adopting Virginia Code Section 18.2-268.3 (Refusal), and Title 18, United States Code Section 13, assimilating Virginia Code Section 18.2-323.1 (Open Container).

## II. Law

18 U.S.C. § 7(3) defines the special maritime and territorial jurisdiction of the United States as including military reservations. The defendant was charged with Refusal under 32 Code of Federal Regulations 634.25(f) adopting Virginia Code Section 18.2-268.3. The relevant federal statute governing this charge is 18 U.S.C. § 3118(b) which allows refusal to submit to a breath test to be used as evidence in a case of driving under the influence.

Section 634.35 of Title 32 C.F.R. (which pertains to National Defense), governs the manner in which the instant prosecution proceeds. Part 634 of 32 C.F.R. falls under the following: Subtitle A – Department of Defense, Chapter V – Department of the Army, Subchapter 1 – Law Enforcement and Criminal Investigations, Part 634 – Motor Vehicle Traffic Supervision. Section 634.25, entitled "Installation Traffic Codes," creates differing enforcement schemes between the installations in states where traffic law violations are state criminal offenses, and installations in states where traffic violations are civil offenses. Paragraph (e) specifically provides:

> (e) In States where traffic law violations are State criminal offenses, such laws are made applicable under the provisions of 18 U.S.C. 13 to military installations having concurrent or exclusive Federal jurisdiction.

32 C.F.R. § 634.25(e). Subpart (f) governs states whose traffic laws are not criminal and cannot be assimilated, adopts the laws of those states and makes them applicable to installations in those states, authorizes installation commanders to establish additional regulations and provides

penalties for a violation under the § 634.25(f). Fort Belvoir is in Virginia, a state whose laws can be made applicable under the provisions of the Assimilative Crimes Act (ACA), therefore paragraph (e) controls for most offenses, and the law of the instant case falls within the normal laws governing assimilated crimes under 18 U.S.C. 13. *See* § 634.25(e); 18 U.S.C. § 13; Va. Code Ann. § 18.2-270 (2025) ("any person violating any provision of § 18.2-266 [Driving motor vehicle, engine, etc., while intoxicated, etc.,] shall be guilty of a Class 1 misdemeanor"). Va. Code Ann. § 18.2-268.3, Refusal of Tests, is a civil offense if a subject has no prior convictions under § 18.2-266 or § 18.2-268.3. Thus, because first-time refusal is a civil offense, it is governed by 32 C.F.R. § 634.25(f), adopting, instead of assimilating, the offense. In both adoption and assimilation, the elements of the crime are used to prove the instant offense. The difference between adoption and assimilation are in which penalty applies, federal or state. When a crime is assimilated under the ACA, state imprisonment and fine penalties apply. When a crime is adopted, federal penalties apply. As a result, while state penalties apply for violations of Va. Code Ann. §§ 18.2-266 and 18.2-270, the penalties for violations of Va. Code Ann.§ 18.2-268.3 are provided under 32 C.F.R. § 634.25(f), which directs "Persons found guilty of violating the vehicular and pedestrian traffic laws made applicable on the installation under provisions of that directive are subject to a fine as determined by the local magistrate or imprisonment for not more than 30 days, or both, for each violation."

Regardless of whether a state statute is assimilated or adopted, Federal Rules of Criminal Procedure and Federal Rules of Evidence always apply for crimes prosecuted in federal courts. Federal Rules of Evidence govern admission of evidence in federal court, not a state statute. *See* 28 U.S.C. § 2072(c) ("All laws in conflict with [the Federal Rules of Evidence] shall be of no further force or effect after such rules have taken effect."); *see also United States v. Clyburn,* 24

F.3d 613, 616–17 (4th Cir.), *cert. denied*, 513 U.S. 907[] (1994) ("Importing the particularized requirements of state standards into this federal proceeding would undermine the policy favoring uniformity of federal evidentiary standards. . . .") *Id.* That rationale applies here as well – federal courts have uniform evidentiary standards that cannot be dictated by state statutes that are subservient to federal law. *See* 28 U.S.C. § 2072.

**III.   Argument**

The alleged offense took place within the jurisdictional boundaries of Fort Belvoir. The defendant was stopped while attempting to enter the National Geospatial Agency. The National Geospatial Agency is headquartered within the Fort Belvoir North Area in Springfield, Virginia.

Fort Belvoir is within the special maritime and territorial jurisdiction of the United States. 18 U.S.C. § 7(3) defines the special maritime and territorial jurisdiction of the United States. This statute makes clear military reservations, along with other lands reserved or acquired for the use the United States under exclusive or concurrent jurisdiction, are within the special maritime and territorial jurisdiction of the United States.

Refusal may be used as substantive evidence that a defendant was driving while impaired within the special maritime and territorial jurisdiction of the United States. The defendant was charged with Refusal under 32 Code of Federal Regulations 634.25(f) adopting Virginia Code Section 18.2-268.3. The federal law of evidence that governs this charge is 18 U.S.C. § 3118. This statute applies to all persons operating motor vehicles in the special maritime and territorial jurisdiction of the United States who are ultimately arrested for driving under the influence. It provides that refusal to submit to a breath test may be used as evidence in a case of driving under the influence within the special maritime and territorial jurisdiction of the United States. This point has been affirmed in the Eastern District of North Carolina as well as the Eastern District

of Virginia. *United States v. Van Hazel*, 468 F. Supp. 2d 792, 798 (E.D. N.C. 2006) ("[T]he court shall consider defendant's refusal to take the breathalyzer test as substantive evidence that defendant was driving while impaired."); *United States v. Crow*, No. 1:12cr166 (JCC/TRJ), 2012 WL 4953096, *6 (E.D. Va. Oct. 11, 2012) (citing defendant's refusal to take a breathalyzer in affirming the magistrate judge's decision convicting the defendant of a DUI).

Defendant cites *United States v. Barber*, 360 F.Supp.2d 784, 786 (E.D. Va. 2005), as support for why the Va. Stat. Ann. §§ 18.2-268.4 and 18.2-268.10 should afford greater protection to the defendant in this case than federal law would allow. ECF No. 12 at 2. This is the inverse of settled law of this district. . *Clyburn*, 24 F.3d at 616–17. *Barber*'s discussion of comity between state and federal prosecutions speaks only to possible disparities in sentencing between assimilated and adopted crimes. *Barber*, 360 F.Supp.2d at 786. *Barber* is silent on whether state procedures or criminal-civil classifications of specific acts should enjoy comity between state and federal prosecutions.

Furthermore, the defendant's argument that a combined trial prejudices him falls equally flat. Defendant cites the Federal Rules of Criminal Procedure and *United States v. Miserendino*, 283 F.Supp.3d 489, 493–94 (E.D. Va. 2017), to support the idea that the instant crimes of Refusal and DUI are not part of a "common plan." ECF No. 12 at 3. *Miserendino* is factually and legally distinct from the instant case. In *Miserendino* the court considered, among other things, whether to sever "Count Two of the Indictment, Receipt of a Bribe by a Public Official, from Counts One and Three, Conspiracy and Honest Services Mail Fraud, respectively." *Miserendino*, 283 F.Supp.3d at 493. The court found after a detailed analysis that the defendant's actions in that case were all in service of a common scheme or plan, and thus severance was inappropriate. *Id.* at 494. Defendant also argues that "[n]ot severing Defendant's refusal trial from his DWI trial

5

will defeat the very purpose of Virginia Code § 18.2-268.10." ECF No. 12 at 3. Here, no such analysis need be conducted because whether refusal may be considered evidence of guilt in federal court is settled by federal statute. Section 3118 specifically states "refusal may be admitted into evidence in any case arising from such person's driving while under the influence of a drug or alcohol" within a federal jurisdiction. 18 U.S.C. § 3118. With a federal statute on point, federal law, not Virginia Code controls. U.S. CONST. art. VI, cl. 2. (stating the "Constitution, and the Laws of the United States which shall be made in Pursuance thereof; . . . under the Authority of the United States, shall be the supreme Law of the Land; and the Judges in every State shall be bound thereby, any Thing in the Constitution or Laws of any State to the Contrary notwithstanding."). The defendant cites additional state procedural prescriptions surrounding the admissibility of refusal of chemical tests as evidence, but those rules do not control in this setting. *Id.*; 28 U.S.C. § 2072(c) ("All laws in conflict with [the Federal Rules of Evidence] shall be of no further force or effect after such rules have taken effect."); ECF No. 12 at 4–5.

In summary, the alleged offense occurred on Fort Belvoir which is within the special maritime and territorial jurisdiction of the United States. 18 U.S.C. § 3118 applies because the defendant was charged with Refusal as a result of being arrested for driving under the influence on Fort Belvoir. This statute allows Refusal to be used as substantive evidence of intoxication.

**Conclusion**

For the foregoing reasons, the Court should reject the Defense's Motion for a Bifurcated Jury Trial.

        Respectfully submitted,

        Todd W. Blanche
        Deputy Attorney General


By:     /s/
        Cain Crouse
        Special Assistant United States Attorney
        United States Attorney's Office
        2100 Jamieson Avenue
        Alexandria, Virginia 22314
        Phone: (703) 299-3700
        Email: cain.crouse@usdoj.gov

## CERTIFICATE OF SERVICE

I certify that on February 10th, 2026, I filed electronically the foregoing with the Clerk of Court using the CM/ECF system, which will serve all counsel of record.

By:    /s/
Cain Crouse
Special Assistant United States Attorney
United States Attorney's Office
2100 Jamieson Avenue
Alexandria, Virginia 22314
Phone: (703) 299-3700
Email: cain.crouse@usdoj.gov